UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATOS SYNTEL INC.; SYNTEL HOLDING (MAURITIUS) LTD.; and SYNTEL LLC,

    Plaintiffs,

v.

IRONSHORE INDEMNITY INC.

    Defendant.

Case No. 21 Civ. 1576 (JGK)

## [PROPOSED] PROTECTIVE ORDER

The Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of or contains non-public, confidential, proprietary or commercially sensitive information, including, but not limited to,

1

any information from any party to this lawsuit, or any employee of any party to this lawsuit, regarding confidential business methods, practices, policies, contracts, technical information, and trade secrets requiring the protections provided in this Order.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

      (a) the parties to this action, including their agents and employees;

      (b) in-house counsel for the parties, in addition to paralegal, clerical,

2

and other assistants employed by such counsel and assigned to this matter;

(c) counsel retained specifically for this action, in addition to paralegal, clerical and other assistants employed by such counsel and assigned to this matter;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person (other than a person falling within sub-paragraphs 5(a) or 5(b) above) has first agreed to be bound by this Order in the form annexed as Exhibit A hereto;

(e) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person (other than a person falling within sub-paragraphs 5(a) or 5(b) above) has first agreed to be bound by this Order in the form annexed as Exhibit A hereto;

(f) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first agreed to be bound by this Order in the form annexed as Exhibit A hereto;

(g) stenographers engaged to transcribe depositions conducted in this action;

(h) the parties' auditors and reinsurers, provided such person owes a

3

duty of confidentiality and non-disclosure to the party disclosing the confidential materials to them;

(i) governmental and regulatory agencies, provided disclosure is required by law or court order and the party producing the material to the governmental or regulatory agency requests confidential treatment of the material from the governmental or regulatory agency; and

(j) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above (other than a person falling within subparagraphs 5(a) or 5(b) above), such person shall be provided by counsel with a copy of this Order and shall agree to be bound by this Order in the form annexed as Exhibit A hereto stating that such person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. If a non-party wishes to make designations under this Order, it must agree to be bound by this Order in the form annexed as Exhibit A hereto stating that such non-party has read this Order and agrees to be bound by its terms.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also

4

publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. If practicable, the receiving party shall also, within ten business days, return or destroy all copiesof the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within ten business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. If practicable, within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Alternatively, the receiving party may retain all Discovery Material designated as "Confidential" and maintain it pursuant to its document retention policy.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. The Court reserves the right to amend this Order at any time.

**SO STIPULATED AND AGREED.**

Dated: May 6, 2022,　　　　Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ Elizabeth A. Morris*
Elizabeth A. Morris
1271 Avenue of the Americas
New York, NY 10022
Telephone: (212) 906-2976
Elizabeth.Morris@lw.com

Robert J. Gilbert (*Pro Hac Vice*)
Timothy McLaughlin (*Pro Hac Vice*)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948.6059
Telephone: (617) 880.4563
Robert.Gilbert@lw.com
Timothy.McLaughlin@lw.com

*Attorneys for Plaintiffs*

KAUFMAN DOLOWICH & VOLUCK LLP

By: */s/ David T. Brown*[1]

| | |
|---|---|
| Peter A. Stroili | David T. Brown* |
| 40 Exchange Place, 20th Floor | Ross D. Roloff* |
| New York, New York, 10005 | 135 South LaSalle Street, Suite 2100 |
| (212) 485-9600 | Chicago, Illinois 60603 |
| pstroili@kdvlaw.com | (312) 759-1400 |

---

[1] An electronic signature is used with consent and in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

dbrown@kdvlaw.com
rroloff@kdvlaw.com
*Admitted *pro hac vice*

*Counsel for Ironshore Indemnity Inc.*

8

Dated: 5/6, 2022
New York, New York

SO ORDERED.

*[signature]*

JOHN G. KOELTL
United States District Judge

*This order is not binding on the Court or Court personnel.*

*So ordered.*
*[signature]*
5/6/22  U.S.D.J.

9

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATOS SYNTEL INC.; SYNTEL HOLDING (MAURITIUS) LTD.; and SYNTEL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>IRONSHORE INDEMNITY INC.<br><br>Defendant. | Case No. 21 Civ. 1576 (JGK) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I,_____, acknowledge and agree that I have received and read a copy of the attached Protective Order. I understand the terms of this Order and agree to comply with and be bound by this Order. I also agree to be subject to the Court's jurisdiction for enforcement of the Order and understand that the Court may impose sanctions for any violation of the Order, including punishment for contempt of Court.

Dated this_____ day of_____,_____.

_____
Name (Print)

_____
Company

_____
Title

_____
Address

_____
Signature