

## KAUFMAN DOLOWICH VOLUCK
### ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP
40 Exchange Place, 20th Floor
New York, NY 10005
Telephone: 212.485.9600
Facsimile: 212.485.9700
www.kdvlaw.com

**Peter A. Stroili**
Email: PStroili@kdvlaw.com

January 6, 2023

Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**APPLICATION GRANTED**
**SO ORDERED**
1/6/23  John G. Koeltl, U.S.D.J.

Re:   *Atos Syntel, Inc., et al. v. Ironshore Indemnity Inc.,*
      No. 1:21-cv-01576-JGK-JLC

Dear Judge Koeltl:

On behalf of Defendant Ironshore Indemnity, Inc., pursuant to §VI.A.2. of your Honor's Individual Practice Rules, we request to temporarily file under seal (under the reviewing level "selected parties") the unredacted summary judgment papers and exhibits we will be filing today pursuant to the briefing schedule set by your Honor.

We will also, pursuant to your Honor's rules, publicly file redacted versions of the Exhibits which counsel for Plaintiffs requested, which include redactions to the following Exhibits to my Declaration in Support of Ironshore's Motion for Summary Judgment:

- Exhibit 23 (bates-stamped Syntel-00035494);
- Exhibit 25 (bates-stamped Syntel-00055268-00055270);
- Exhibit 27 (bates-stamped Syntel-00044111-44112);
- Exhibit 28 (bates-stamped Syntel-00040483-40484);
- Exhibit 31 (bates-stamped Syntel-00045701-45703); and
- Exhibit 34 (bates-stamped Syntel-00044138)

We will also file redacted versions of our memorandum of law, Rule 56.1 Statement of Material Facts, and Rebuttal Expert Report (Ex. 38 to my Declaration) to redact any references to the aforementioned exhibits.

Honorable John G. Koeltl
January 6, 2023
Page No. 2

For additional context, Plaintiffs designated virtually all of their 63,346-page document production in this case as "Confidential," which, in turn, under the Parties' so-ordered Protective Order in this action (ECF Doc. No. 47), triggered a requirement that Ironshore file under seal every document on which Ironshore relies in its motion for summary judgment which Plaintiffs designated as "confidential." (*Id.*, ¶ 7). Ironshore made significant effort to narrow the scope of which documents produced by Plaintiffs would be filed under seal through the meet and confer process. Because Plaintiffs had designated virtually everything as subject to filing under seal upon production, Ironshore ultimately gave Plaintiffs an advance listing of every document produced by Plaintiffs that Ironshore may cite in its opening brief, and of those documents, Plaintiffs identified which of those documents, in its view, were required to be filed under seal in whole or in part. Those are the documents identified herein above. Ironshore has not been advised of the reason for such designation and takes no position on it at this time.

We have informed Plaintiffs' counsel of their obligation under your Honor's rules to file a letter within three (3) days "explaining the need to seal or redact the materials."

Very truly yours,
*KAUFMAN DOLOWICH & VOLUCK, LLP*

/s/ *Peter A. Stroili*

cc: All counsel of record (via ECF)